IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARSHALL DECKER,

        Plaintiff,

v.                                                         No. CIV-13-0476 LAM/GBW

CHAVES COUNTY, NEW MEXICO,
et al.,

        Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

**THIS MATTER** is before the Court on *Plaintiff's Motion for Sanctions Pursuant to Rule 11(c) (Doc. 27)*, filed December 2, 2013. Defendants filed a response to the motion on December 5, 2013. [*Doc. 28*]. No reply has been filed and the time for doing so has passed. The Court, having considered the motion, response, record in this case, and the relevant law, and being otherwise fully advised, **FINDS** that Plaintiff's motion is not well-taken and will be **DENIED**.

Plaintiff filed a complaint alleging violation of his constitutional rights based on Defendants' actions regarding the zoning and permitting of Plaintiff's property. [*Doc. 1*]. Specifically, Plaintiff states that in the fall of 2011 he sought to have the subject land rezoned as commercial land for a mobile home or RV park, and that he submitted a conceptual plan of a possible RV park to the Planning and Zoning Director, which dealt with only a small portion of the parcel which was rezoned. *Id.* at 3. Plaintiff contends that Defendants now insist that the land may not be used for any purpose other than what was provided in the conceptual plan, and Plaintiff contends that the restrictions and conditions issued in conjunction with the zoning approval should

not apply to other uses of the land and that any use permitted in the commercial zone is a permitted use of his property. *Id.* at 3-4. Plaintiff also contends that he was issued a permit to construct a storage building on Highway 13 in Chavez County, and that Plaintiff was then issued a "stop work" order because the well permit which Plaintiff received was for a well that was only 300 feet deep and Chaves County requires such a well to be drilled to a depth of 700 to 1000 feet. *Id.* at 4. Plaintiff contends that Defendants were selectively enforcing that regulation to apply only to Plaintiff. *Id.* at 5. Plaintiff further contends that he was issued a "stop work" order because the building was not being constructed by a commercial contractor after Defendant Stephens agreed that a commercial contractor was not required. *Id.* Plaintiff alleges that Defendants breached their agreement with Plaintiff with regard to his building permit and a memorandum of understanding which the parties had entered into, and that they are selectively enforcing county regulations against him in violation of his constitutional rights. *Id.* at 6-13. Plaintiff also alleges that Defendants have engaged in a course of conduct to intentionally inflict emotional distress on Plaintiff. *Id.* at 13.

In his motion for Rule 11 sanctions, Plaintiff contends that Defendants violated Fed. R. Civ. P. 11 by stating in their answer to Plaintiff's complaint that they deny certain allegations made by Plaintiff, and Plaintiff contends that those allegations have been proven to be true. [*Doc. 27* at 1]. Plaintiff further contends that Defendants' answer fails to comply with Fed. R. Civ. P. 8(b). *Id.* In response, Defendants provide explanations for their challenged answers (*Doc. 28*), and refer the Court to an e-mail sent to Plaintiff by counsel for Defendants which states that Defendants will not be filing an amended answer because Plaintiff's "twist on events forces [Defendants] to deny allegations that have a hint of truth to them" (*Doc. 28-1*).

Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

This rule allows sanctions to be imposed for filing false or misleading pleadings with the court, and it ensures that an attorney abides by his duty as an officer of the court and conducts a reasonable inquiry into any fact alleged or denied. *See Coffey v. HealthTrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993). In considering a Rule 11 motion, the Court must apply a standard of objective reasonableness, and an attorney's good faith belief in the merit of an argument must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990). Rule 8(b)(1) provides that, "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it[,] and . . . admit or deny the allegations asserted against it by an opposing party." In addition, "[a] denial must fairly respond to the substance of

3

the allegation," (Rule 8(b)(2)), and "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest" (Rule 8(b)(4)).

Here, Defendants have provided an explanation for each of the answers that are challenged by Plaintiff.  *See* [*Doc. 28* at 1-3].  Defendants explain that they denied Paragraph 14, which states: "Nor do the Restrictions and Conditions, issued in conjunction with the zoning approval mention any other commercial use, although they make reference to mobile home, mobile home parks, RV's and RV parks 17 times" (*Doc. 27* at 2), by explaining that the restrictions and conditions apply to all commercial uses, not just those listed 17 times (*Doc. 28* at 1).  While it may have been more in compliance with Rule 8(b)(4) for Defendants to admit that the restrictions and conditions mentioned mobile home or RV parks 17 times (if this is the case), the point of Plaintiff's allegation in Paragraph 14 is that the restrictions and conditions do not apply to other commercial uses because they do not mention another commercial use, and Defendants have explained that they do not agree with this allegation.  Defendants' denial, therefore, fairly responds to the substance of the allegation.  *See* Rule 8(b)(2).  In addition, Defendants denied Paragraph 16 which, in part, states that Defendants concede that Plaintiff's site plan was "conceptual" (*Doc. 27* at 2), but Defendants state that the site plan is binding regardless of whether Plaintiff labeled it as "conceptual," and any changes to it would require a new public hearing (*Doc. 28* at 2).  It appears reasonable for Defendants to deny Plaintiff's allegation in this paragraph that the conceptual nature of his site plan negated the requirement that he use the land as he had proposed in the rezoning process, and the Court does not find a violation of Rule 11.

With regard to the remaining allegations, Defendants denied some of these allegations because they contend that the allegations do not include the full explanation of Defendants' actions (*e.g.*, Paragraph 25), because Plaintiff included direct quotes from meetings or hearings that

Defendants do not recall (*e.g.*, Paragraphs 35 and 37), because Defendants were unaware at the time they prepared their answer of certain facts regarding some allegations (*e.g.*, Paragraphs 38 and 41), or because Defendants outright dispute Plaintiff's allegations (*e.g.*, Paragraphs 44, 48, 55, and 55(e), (g), (h), (i), (j), (k), (l), (r), and (s)).  *Id.* at 1-3.[1]  The Court finds that Defendants' denials to these remaining allegations are not in violation of Rule 11 because Defendants' denials appear to be warranted and fairly respond to the substance of the allegations, and because Plaintiff fails to show that they were made for an improper purpose.   While Defendants could have filed an amended answer regarding Paragraphs 38 and 41 when they learned of the facts that might have changed their answers, the Tenth Circuit has found that there is no obligation under Rule 11 for the signer of a document to make updates to previously filed pleadings.  *See Griffen v. City of Oklahoma City*, 3 F.3d 336, 339 (10th Cir. 1993) (finding no continuing obligation for a signer to update previously filed pleadings under Rule 11).  The Court, therefore, finds no violation of Rule 11, and will deny this motion.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Sanctions Pursuant to Rule 11(c) (Doc. 27)* is **DENIED**.

**IT IS SO ORDERED**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

---

[1] The Court notes that Defendants failed to respond to Plaintiff's allegation regarding Paragraph 42. Nevertheless, the Court finds no Rule 11 violation because Plaintiff fails to show that Defendants' answer was made for an improper purpose.